# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GUSTAVO AROAMDA CUMPLIDO,

    Petitioner,

vs.

JACKIE CRAWFORD, *et al.*,

    Respondents.

2:07-cv-0580-PMP-PAL

**ORDER**

This action is a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (Docket #28).

Petitioner was convicted, pursuant to a jury verdict, of two counts of second degree murder with the use of a deadly weapon, one count of attempted murder with the use of a deadly weapon, and two counts of discharging a firearm out of a motor vehicle. (Exhibits 1, 3).[1]

The federal habeas petition contains fourteen grounds for relief. (Docket #11). Respondents argue that petitioner has failed to exhaust all claims other than Ground 1 and Ground 13(b).

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on

---

[1] The exhibits referenced in this order are attached to respondents' motion to dismiss, Exhibits 1-5, at Docket #28, and are also found within petitioner's federal habeas petition. (Docket #11).

each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984**).**

In Ground 1 of the federal petition, petitioner claims that the state district court failed to sufficiently instruct the jury on the theory of self defense. (Docket #11, at p. 3). This ground was presented to the Nevada Supreme Court on direct appeal from his conviction. (Order, filed February 5, 2003, at Docket #11-2, pp. 14-15).

In Ground 13(b) of the federal petition, petitioner claims that trial counsel was ineffective for not raising the defense of diminished capacity. (Docket #11, at p. 25). This ground was presented to the Nevada Supreme Court in petitioner's appeal from the denial of his post-conviction habeas petition. (Fast Track Statement, at Docket #11-2, at p. 1; Order of Nevada Supreme Court, at Docket #11-3, at pp. 5-6).

All other grounds of the federal petition are unexhausted, as they were not presented to the Nevada Supreme Court. A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that all grounds of the petition, save Ground 1 and Ground 13(b), are unexhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

3

1  Petitioner's failure to choose any of the three options listed above, or seek other
2  appropriate relief from this Court, will result in his federal habeas petition being dismissed.
3  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas
4  petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and
5  substantial effect on whatever choice he makes regarding his petition.

6  **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #28)
7  for failure to exhaust is **GRANTED**, as follows: **Grounds 1 and 13(b) of the petition are**
8  **exhausted.  All other grounds of the petition are unexhausted.**

9  **IT IS FURTHER ORDERED** that petitioner shall have **twenty (20) days** to either:
10 **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the
11 unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds;
12 **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without
13 prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for
14 a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to
15 state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and
16 abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in
17 Local Rule 7-2.

18 **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted
19 grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of
20 abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer
21 shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and
22 shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts
23 under 28 U.S.C. §2254.

24 **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following
25 service of respondents' answer in which to file a reply.

26

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: August 31, 2010.

_____
PHILIP M. PRO
United States District Judge