**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GUSTAVO AROAMDA CUMPLIDO,

    Petitioner,

vs.

JACKIE CRAWFORD, *et al.*,

    Respondents.

2:07-cv-0580-PMP-PAL

**ORDER**

This action is a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the remaining grounds of the petition.

**I. Procedural History & Background**

Petitioner was convicted, pursuant to a jury verdict, of two counts of second degree murder with the use of a deadly weapon, one count of attempted murder with the use of a deadly weapon, and two counts of discharging a firearm out of a motor vehicle. (Exhibit 3).[1] Petitioner filed a direct appeal and the Nevada Supreme Court affirmed the conviction on February 5, 2003. (Exhibit 12). Petitioner filed a post-conviction habeas petition, which the state district court denied, and the Nevada Supreme Court affirmed the state district court's decision. (Exhibit 14).

---

[1] The exhibits referenced in this order appear in the Court's record at ECF No. 28 & 38.

Petitioner dispatched the federal habeas petition to this Court on April 27, 2007.  (ECF No. 11, at p. 1).  By order filed August 31, 2010, this Court determined that Grounds 1 and 13(b) of the petition are exhausted, and that all other claims in the federal petition were not exhausted in state court.  (ECF No. 34).  On September 20, 2010, petitioner filed a notice of abandonment of the unexhausted claims and notice to proceed with the two exhausted claims, Grounds 1 and 13(b) of the petition.  (ECF No. 35).  By order filed September 22, 2010, this Court directed respondents to file an answer to Grounds 1 and 13(b).  (ECF No. 36).  On October 22, 2010, respondents filed an answer with supporting exhibits.  (ECF No. 37 & 38).  Petitioner filed a reply brief on January 5, 2011.  (ECF No. 41).[2]  Respondents then filed a response to the reply.  (ECF No. 42).  Petitioner filed a motion to strike the response.  (ECF No. 43).

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

---

[2] Concurrently, petitioner filed a motion for extension of time to file a late reply.  (ECF No. 40).  Good cause appearing, the motion to file a late reply is granted.

2

1 decision is contrary to clearly established Supreme Court precedent, within the meaning of 28
2 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the
3 Supreme Court's] cases" or "if the state court confronts a set of facts that are materially
4 indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result
5 different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)
6 (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,
7 694 (2002)).

8    A state court decision is an unreasonable application of clearly established Supreme Court
9 precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct
10 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that
11 principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,
12 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more
13 than merely incorrect or erroneous; the state court's application of clearly established federal law
14 must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

15    In determining whether a state court decision is contrary to, or an unreasonable application of
16 federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*
17 *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th
18 Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made
19 by a State court shall be presumed to be correct," and the petitioner "shall have the burden of
20 rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §
21 2254(e)(1).

22 **III. Discussion**

23    **A. Ground One**

24    "Petitioner contends that the district court failed to properly instruct the jury on his theory of
25 self defense, in that the instructions to the jury failed to properly define Petitioner's theory of the
26

3

right to self defense in violation of the Fifth and Fourteenth Amendments to the United States Constitution." (ECF No. 11, at p. 4).

Issues relating to jury instructions are not cognizable in federal habeas corpus unless they infect the entire trial to establish a violation of due process. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977). Demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the Constitutional validity of a state court's judgment requires the court to determine "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not whether the instruction is "undesirable, erroneous, or even universally condemned." *Henderson v. Kibbe,* 431 U.S. at 154 (citations omitted); *Estelle v. McGuire,* 502 U.S. 62, 72 (1991). In reviewing jury instructions, the court inquires as to whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation. *U.S. v. Garcia-Rivera,* 353 F.3d 788, 791 (9th Cir. 2003) (citing *United States v. Frega,* 179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted). The question is whether an instruction so infected the entire trial that the resulting conviction violated due process. *Estelle*, 502 U.S. at 72. An instruction may not be judged in isolation, "but must be considered in the context of the instructions as a whole and the trial record." *Id.* Furthermore, jurors are presumed to follow the instructions that they are given. *U.S. v. Olano,* 507 U.S. 725, 740 (1993).

In the instant case, petitioner claims that the state district court failed to sufficiently instruct the jury on the theory of self defense. (ECF No. 11, at p. 3). In the federal habeas petition, in petitioner's discussion of the jury instructions, petitioner supports his assertions with citations to Nevada state law. (See, e.g., ECF No. 11, at pp. 6-8). This ground was presented to the Nevada Supreme Court on direct appeal from his conviction. The Nevada Supreme Court ruled on this claim as follows: "After reviewing the instructions given to the jury and those proffered by appellant, we conclude that the trial court did not err by refusing to give the proffered instructions because those instructions were either adequately covered by other instructions or misstated the law." (Exhibit 12,

4

at pp. 1-2) (citations omitted). The Court concluded that the district court did not err by not including the proffered instructions. (*Id.*). On review of the issue, this Court finds that the exclusion of petitioner's proffered instructions did not render the instructions flawed, such that they infected the entire trial and that the resulting conviction violated petitioner's due process. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to Ground One.

**B. Ground 13(b)**

In Ground 13(b) of the federal petition, petitioner claims that trial counsel was ineffective for not raising the defense of diminished capacity. (Docket #11, at p. 25). This ground was presented to the Nevada Supreme Court in petitioner's appeal from the denial of his post-conviction habeas petition. The Nevada Supreme Court affirmed the district court's denial of the state habeas petition, noting that "[t]he district court found that there as no evidence that Cumplido was incompetent, and that illiteracy does not necessarily equate to incompetence." (Exhibit 14, at p. 2). The Nevada Supreme Court affirmed the state district court's finding that petitioner failed to demonstrate ineffective assistance of counsel. (Exhibit 14). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

A petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel"

5

1 guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense.
2 *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). This Court
3 has reviewed the record with respect to petitioner's claim of ineffective assistance of counsel.
4 Counsel's performance did not fall beyond an objective standard of reasonableness under prevailing
5 norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not
6 shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been
7 different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect
8 to Ground 13(b).

## IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for an extension of time (ECF No. 40) to file the reply is **GRANTED.**

6

**IT IS FURTHER ORDERED** that petitioner's motion to strike (ECF No. 43) is **DENIED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED: February 9, 2011.

_____
PHILIP M. PRO
United States District Judge